# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DAVID LEE PHILLIPS, BAR NO. 538.

No. 73592

FILED

FEB 23 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT AND SUSPENDING ATTORNEY*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney David Lee Phillips. The conditional guilty plea agreement concerns conduct addressed in two formal disciplinary complaints and five pending grievances or investigations. Under the agreement, Phillips admitted to three violations of RPC 1.1 (competence), three violations of RPC 1.3 (diligence), one violation of RPC 1.4 (communication), three violations of RPC 3.2 (expediting litigation), two violations of RPC 3.4(c) (fairness to opposing party and counsel: failure to comply with rules of a tribunal), one violation of RPC 8.4 (misconduct), and two violations of RPC 8.4(d) (misconduct prejudicial to the administration of justice). Phillips agreed to a one-year suspension, to be stayed upon approval by this court, subject to several conditions and to pay the actual costs of the disciplinary proceedings not to exceed $7,500 plus $2,500 under SCR 120(1).

18-07193

Phillips has admitted to the facts and violations alleged in four counts set forth in the complaints.[1] The record therefore establishes that Phillips violated RPC 1.1 (competence) and RPC 8.4 (misconduct) by failing to disburse to his client the full amount of settlement funds to which she was entitled based on his misapplication of the law as it pertains to securing funds pending the resolution of claims or disputes with a client. Phillips also twice violated each of the following rules of professional conduct in representing two clients in appeals before this court by failing to comply with the rules of appellate procedure and court orders directing him to file necessary documents on behalf of his clients: RPC 1.1 (competence), RPC 1.3 (diligence), RPC 3.2 (expediting litigation), RPC 3.4(c) (fairness to opposing party and counsel: failure to comply with rules of a tribunal), and RPC 8.4(d) (misconduct prejudicial to the administration of justice). Additionally, Phillips violated RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 3.2 (expediting litigation) by failing to serve a summons and complaint on a defendant leading to the dismissal of the complaint and the filing of a new complaint by the defendant against Phillips' client.

As Phillips admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental

---

[1]In exchange for Phillips' guilty plea, the State Bar agreed to dismiss the remaining six counts in the complaints and the five pending grievances or investigations.

SUPREME COURT
OF
NEVAOA

(O) 1947A

state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Phillips acted either negligently or knowingly in violating duties owed to his clients (competence, diligence, communication) and to the legal system (expediting litigation, failing to comply with rules and orders of a tribunal, and misconduct prejudicial to the administration of justice). His clients were harmed because one did not timely receive settlement funds to which she was entitled, two had their appeals dismissed, and one had her case dismissed and had a default judgment entered against her in an action filed by the former defendant in her case.

The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or . . . a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."); Standard 6.22 (providing that suspension is appropriate when a lawyer knows he is violating a court rule or order, and causes injury or potential injury to a client); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). Further, because Phillips has previously received letters of reprimand for similar misconduct, suspension is appropriate. *Id.* at Standard 8.2 ("Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct

and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.").

The length of the suspension depends on the number of violations, the degree of injury, and the aggravating and mitigating circumstances. We conclude that a one-year suspension, stayed subject to the agreed-upon conditions is appropriate, considering that Phillips' conduct resulted in harm to his clients and to the integrity of the profession and considering and weighing the aggravating factors (prior disciplinary offenses, multiple disciplinary offenses, and substantial experience in the practice of law) and the mitigating factors (delay in disciplinary proceedings and remorse). Therefore, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney David Lee Phillips from the practice of law in Nevada for a period of one year commencing from the date of this order. The suspension is stayed for one year and Phillips is placed on probation subject to the following conditions: (1) that Phillips provide the State Bar with quarterly audits of his IOLTA trust account, at his expense, with the audits due on March 1, June 1, September 1, December 1, and if he fails to provide an audit to the Office of Bar Counsel within 45 days of its due date, he has breached this condition; (2) that between May 17, 2017 (the date of the formal plea hearing) and the end of the one-year stay period, there be no grievances submitted to the State Bar challenging Phillips' compliance with the Rules of Professional Conduct concerning events that occurred after May 17, 2017, in which a disciplinary screening panel recommends a formal hearing; (3) that Phillips not accept any new cases requiring his appearance before the Nevada Supreme Court, but may continue to prosecute any appeals already pending on the date of

this order; (4) that Phillips satisfy any outstanding debt to Louis Garfinkel, Esq. on behalf of Stephanie Ellis or comply with any arbitration decision that may have been entered previously regarding such debt within 30 days of the date of this order; and (5) that Phillips pay the actual costs of the bar proceedings (not to exceed $7,500) plus $2,500 under SCR 120 within 30 days of the date of this order. If Phillips breaches any of the above listed conditions during the probationary period, the State Bar shall immediately convene a disciplinary hearing panel to conduct a hearing and make a recommendation as to whether this court should revoke the stay and impose the one-year suspension. The State Bar shall comply with the applicable provisions of SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                  Gibbons

_____, J.          _____, J.
Pickering                               Hardesty

_____, J.          _____, J.
Parraguirre                             Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
David Lee Phillips & Associates
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court